HAND DELIVERED
Honorable David Matthews State Representative State Capitol Building Little Rock, AR 72201
Dear Representative Matthews:
You have requested an opinion regarding Act 162 of 1967, codified as Ark. Stat. Ann. 4-801 et seq. (Repl. 1976). That Act defines a "lobbyist" as follows:
 [A]ny person, other than a member of the General Assembly who, by his acts, as a representative of any recognized group or organization, or who for compensation, seeks to influence in any manner, the vote of any member or members of the House or Senate, or the actions of any of the Committees of the House or Senate, upon any Bill . . . (Emphasis added).
In order for a person to thus be a "lobbyist" under this Act, they must meet one of the two above-cited criteria; namely "act as a representative of any recognized group or organization" or be paid for lobbying efforts.
This law is modelled on that of several other states as listed in the compiler's notes to that statutory section.
Nothing in the Arkansas Act nor the other acts which contain similar definitions, indicate whether this definition applies to employees of state government.
Therefore, statutory construction mandates that the plain meaning of the words used in the statute will govern, denoting the intent of the General Assembly. Certainly, state government employees do not lobby specifically "for compensation." Instead, state employees who engage in lobbying efforts are already compensated and any lobbying efforts they accomplish are considered to be part of their state governmental duties by their specific administrators and/or immediate supervisors.
As to whether a state employee acts [as] a representative of "any recognized group or organization," it is my opinion that the Arkansas General Assembly by use of the terminology "group or organization" did not intend to include employees of state government. This opinion is born [borne] out by analogy to various other statutes and enacted by the Legislature in which the General Assembly specifically applies provisions of laws to "state agencies, boards, commissions, etc."
I find no case law directly on point on this issue in Arkansas or elsewhere. Therefore, this Opinion is based on the plain language of Act 162's definitional section.
The foregoing opinion, which I hereby approve, was prepared by Special Counsel to the Attorney General R.B. Friedlander.